847 So.2d 899 (2002)
Elbert Lee SILAS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01263-COA.
Court of Appeals of Mississippi.
December 17, 2002.
Rehearing Denied March 4, 2003.
Certiorari Denied June 5, 2003.
*900 Dan W. Duggan, Jr., Brandon, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
IRVING, J., for the court.
¶ 1. Elbert Lee Silas, Jr., appeals from a jury verdict rendered in the Circuit Court of Hinds County which found him guilty of robbery. He raises four issues, which we quote verbatim: (1) the trial judge committed reversible error in granting the State's Batson challenges, (2) the trial court committed reversible error when it failed to grant Silas's directed verdict or JNOV, (3) the trial court committed reversible error in not granting Silas's petit larceny instruction, and (4) the trial court committed reversible error by preventing defense counsel from making a jury argument concerning petit larceny.
¶ 2. We find no error; therefore, we affirm the judgment of the trial court.

FACTS
¶ 3. On March 9, 2001, Pamela Drewery and Jennifer Ryals were walking down Minerva Street and turning onto Hooker Street in Jackson, Mississippi. They were going to a local store for milk. While walking, a man known to Pamela as "Pooh" or "Pookie," but who she later identified as Elbert Lee Silas, approached her and asked her for a cigarette. Pamela responded that she did not have one, and then Silas asked for some change. Pamela explained that she did not have any change. Thereafter, Silas grabbed Pamela's jacket and removed $40 without Pamela's permission. An argument ensued. Silas then pulled a gun on Pamela, hit her in the head with a Colt 45 bottle, and she fell to the ground. After getting up from the ground, Pamela ran to a neighbor's house and called the police. The blow to Pamela's head caused a cut which required six stitches to close.
¶ 4. Officer Anthony Moore, a detective in the criminal investigations division of the Jackson Police Department, responded to the scene. Pamela described her assailant as a male named "Pooh" or "Pookie" who was six feet to six feet, one inch in height and 170-190 pounds. In the course of his investigation, Officer Moore learned that someone known by the name "Pooh" was actually either Charles Silas or Wayne Silas and lived on Chestnut Street.
¶ 5. Roy Dean witnessed the assault. He later identified Elbert Lee Silas from a police photographic line-up as "Pooh," the person he witnessed hitting Pamela over the head. Pamela and Jennifer also identified Elbert Lee Silas as the assailant.
¶ 6. Elbert Silas was indicted for armed robbery but found guilty of the lesser-included offense of robbery.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. The Batson Challenges
¶ 7. Silas asserts that his peremptory strikes of jurors Homer Collins and *901 Ruby Clark should have been sustained because he gave race-neutral reasons for the strikes. Silas avers that he explained that Clark was struck because she was a relative of a Mendenhall police officer and had recently had property stolen from her. Also, Collins had experienced a house burglary and was an acquaintance of a Jackson police officer. Following this logic, Silas contends that the court committed reversible error when Collins and Clark were allowed to remain on the jury.
¶ 8. When reviewing a circuit court's findings under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), we give great deference to the trial court's findings. Thorson v. State, 721 So.2d 590, 593(¶ 4) (Miss.1998). Thus, a Batson ruling will not be overruled unless the record indicates that the ruling was clearly erroneous or against the overwhelming weight of the evidence. Id. The pivotal question becomes whether the opponent of the strike has met the burden of showing that the proponent has engaged in a pattern of strikes based on race or gender. Id. Many factors have been examined when assessing a court's findings under Batson: (1) the number of strikes on a particular class, (2) the ultimate ethnic or gender makeup of the jury, (3) the nature of questions asked during the voir dire, and (4) the overall demeanor of the attorney. Randall v. State, 716 So.2d 584(¶ 12) (Miss.1998).
¶ 9. The record clearly indicates that the judge made an on-the-record finding as to the State's Batson challenges. Silas made five peremptory challenges, and each of them was against a Caucasian juror. After the judge made an on-the-record finding that the strikes established a pattern of racial discrimination, Silas's counsel was allowed to give race-neutral explanations for the strikes. The trial judge accepted Silas's explanation for three jurors and rejected the reasons given for Homer Collins and Ruby Clark because African American jurors with similar circumstances were not struck by Silas's counsel. The ultimate make-up of the jury was six African American jurors, six Caucasian jurors, one African American alternate juror and one Caucasian alternate juror. We affirm the trial judge's Batson findings.

2. Denial of Silas's Motion for a Directed Verdict and JNOV.
¶ 10. Silas contends that allowing the verdict to stand would sustain an "unconscionable injustice" because the requisite intent to commit the crime was not met, and thus Silas should not have been found guilty. Thus, he asserts that reversible error was committed when the judge denied his motion for a directed verdict and motion for a judgment notwithstanding the verdict.
¶ 11. This Court's standard of review regarding a denial of a directed verdict and judgment notwithstanding the verdict is the same. Baker v. State, 802 So.2d 77(¶ 13) (Miss.2001). When reviewing a trial court's denial of a motion for a JNOV or directed verdict, we must consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inferences which may be reasonably drawn from the evidence and reverse and render where the facts point so overwhelmingly in favor of the appellant that reasonable men could not have found the defendant guilty. Id. However, we must affirm where there is substantial evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions. Id.
¶ 12. Although Silas was indicted for armed robbery, the jury found him guilty of robbery. Mississippi Code Annotated Section 97-3-73 (Rev.2000) provides that *902 "[e]very person who shall feloniously take the personal property of another in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery."
¶ 13. The testimony is clear that Silas took Pamela's money from her jacket without her permission. Under such circumstances, the jury was warranted in finding that this act constituted an act of violence against Pamela.

3. The Denial of the Instruction for Petit Larceny.
¶ 14. Silas contends that the jury should have been instructed as to the lesser charge of petit larceny because there was no credible evidence to support a finding of guilt as to the charge of robbery. Also, Silas supports his contentions by noting that he produced a gun only after he had taken the money from Pamela.
¶ 15. In reviewing the denial of a jury instruction, the appellate court must consider not only the denied instruction but all of the instructions which were given to ascertain if error lies in the refusal to give the requested instruction. See Coleman v. State, 697 So.2d 777, 782 (Miss. 1997). "A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in another instruction, or is without foundation in the evidence." Humphrey v. State, 759 So.2d 368(¶ 33) (Miss.2000).
¶ 16. We do not find error in the trial judge's refusal to accept the petit larceny instruction. As stated earlier, the record clearly reflects the fact that Silas grabbed Pamela's jacket and removed the money against her will. This was an act of violence against her person. Thus the lesser-included crime of robbery, not petit larceny, applies to the facts. There is simply no evidentiary foundation for the granting of a petit larceny instruction. Petit larceny involves the taking of one's property, usually outside of one's presence, without violence to one's person or fear of some immediate injury to one's person. Here the money was taken from Pamela's person by a violent act of snatching it from her person. This assignment of error lacks merit. We affirm the trial judge's refusal to grant the petit larceny instruction.

4. The Refusal to Allow a Jury Argument Concerning Petit Larceny.
¶ 17. Silas asserts that his counsel should have been permitted to argue that Silas's crime was nothing more than petit larceny. We disagree with this assertion. Although attorneys are given wide latitude in closing arguments, they are not permitted to use tactics which are reasonably calculated to unduly influence the jury. Cf., Sheppard v. State, 777 So.2d 659, 661(¶ 7) (Miss.2000) (holding that prosecutors are not permitted to use such tactics). Counsel's invitation to find Silas guilty of petit larceny was not supported by the evidence. Moreover, an argument regarding petit larceny would have unduly influenced the jury to consider a crime which the jury did not have a right to consider. This assignment of error lacks merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS AS AN HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO HINDS COUNTY.
*903 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.