LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On April 14, 2003, a jury in the Tunica County Circuit Court found Christopher Sullivan guilty of robbery. Sullivan was sentenced to serve three years in the custody of the Mississippi Department of Corrections. Sullivan now appeals to this Court asserting the following: (1) the evidence was insufficient to support his conviction; (2) there was insufficient evidence to establish that he aided and abetted his co-defendant in the commission of the crime; and (3) the trial court erred in denying his request for a lesser-included offense instruction of petit larceny.
FACTS
¶ 2. On October 3, 2002, Sullivan and Kenneth Smith were en route to Tunica, Mississippi. The two men stopped at the Flash Market in Robinsonville, Mississippi, where Sullivan purchased a money order and Smith purchased gum. Sullivan and Smith left the store and proceeded to the Horseshoe Casino where Sullivan was seeking employment. Upon reaching the casino, Sullivan was informed that the job interviews had ceased for that day. Sullivan and Smith then decided to return to the Flash Market.
¶ 3. Isiah Miller, the cashier at the Flash Market, testified that Sullivan and Smith entered the store to purchase a money order and some gum, respectively, but that they returned about fifteen minutes later. Miller stated that Sullivan came to the back office where he was using the telephone and asked him questions about the money order. When Miller attempted to enter the store, Sullivan told him more than once not to leave the office. Miller saw Smith take something from on or near the cash register and ran towards Smith, grabbing him by the shirt and knocking him to the floor. Smith then dropped what he was carrying, $15 in rolled pennies, and pulled a knife on Miller. At this point, Miller testified that Sullivan walked out to his truck and started it. Smith then exited the store, got into Sullivan’s truck *144 and they drove away. Miller was able to write down the license number and Sullivan was stopped shortly thereafter.
DISCUSSION OF ISSUES
I. WAS THE EVIDENCE SUFFICIENT TO SUPPORT SULLIVAN’S CONVICTION?
¶4. In his first issue, Sullivan argues that there was insufficient evidence to support his conviction. Specifically, Sullivan claims that the State failed to establish the elements of the crime of armed robbery. When testing the legal sufficiency of the state’s evidence, the applicable standard of review is as follows: “the court must review the evidence in the light most favorable to the [Sjtate, accept as true all the evidence supporting the guilty verdict, and give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence.” McClain v. State, 625 So.2d 774, 778 (Miss.1993). The court will reverse only when reasonable and fair-minded jurors could find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Furthermore, it has long been a rule in Mississippi that it is within the discretion of the jury to accept or reject testimony by a witness, and the jury “may give consideration to all inferences flowing from the testimony.” Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)).
¶ 5. Sullivan contends that the State failed to prove a causal relationship between Miller’s fear and the relinquishment by Miller of the stolen property. Although Sullivan was charged with armed robbery, the jury found him guilty of robbery. According to Mississippi Code Annotated Section 97-3-73 (Rev.2000), a person “who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of immediate injury to his person,” is guilty of robbery.
¶ 6. Sullivan argues that the fear felt by Miller did not cause Miller to relinquish the pennies to Smith, but Miller’s fear was present only after Smith had taken possession of the pennies. In ruling on Sullivan’s motion for a directed verdict, the trial court found that the State had established a prima facie case by showing that the knife was used during the course of the transaction. Miller testified that Sullivan attempted to keep him in his office, he saw Smith taking money, and he attempted to stop Smith. During this altercation, Smith apparently dropped the pennies and pulled out a knife, at which point Miller let go of Smith and both men jumped into Sullivan’s waiting car. We find that there was sufficient evidence for the jury to find Sullivan guilty of robbery. This issue is without merit.
II. WAS THE EVIDENCE SUFFICIENT TO ESTABLISH THAT SULLIVAN AIDED AND ABETTED SMITH IN THE COMMISSION OF THE CRIME?
¶ 7. In his second issue, Sullivan argues that there was insufficient evidence to establish that he aided and abetted Smith in the commission of the crime. Sullivan also contends that the only act he committed was distracting the clerk allowing Smith to remove the coins. It is well settled that to aid and abet in the commission of a felony, one must “do something that will incite, encourage, or assist the actual perpetrator in the commission of the crime.” Vaughn v. State, 712 So.2d 721, 724(¶ 11) (Miss.1998). However, entering the store twice with Smith, repeatedly ordering the clerk to remain in his office so that a crime could be committed, waiting around during the ensuing altercation, and *145 providing the means of escape is clearly indicative of aiding and abetting. We find that there was sufficient evidence for the jury to find Sullivan guilty of robbery.
III. DID THE TRIAL COURT ERR IN DENYING SULLIVAN’S REQUEST FOR A LESSER INCLUDED OFFENSE INSTRUCTION OF PET-IT LARCENY?
¶ 8. In his third issue, Sullivan contends that the trial court erred in denying his request for a lesser-included offense instruction of petit larceny. In reviewing the denial of a jury instruction, the appellate court must consider not only the denied instruction but also all of the instructions which were given to ascertain if error lies in the refusal to give the requested instruction. See Coleman v. State, 697 So.2d 777, 782 (Miss.1997). “A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in another instruction, or is without foundation in the evidence.” Heidel v. State, 587 So.2d 835, 842 (Miss.1991).
¶ 9. In Silas v. State, 847 So.2d 899(¶ 16) (Miss.Ct.App.2002), this Court determined that the trial court did not err in failing to grant a petit larceny instruction as a lesser-included offense of robbery. This Court found that “petit larceny involves the taking of one’s property, usually outside of one’s presence, without violence to one’s person or fear of some immediate injury to one’s person. Here the money was taken from Pamela’s [the victim] person by a violent act of snatching it from her person.” Id. The trial court in the case sub judice determined that a petit larceny instruction was not warranted because the struggle between Miller and Smith, along with the brandishing of a knife by Smith, occurred before Smith and Sullivan fled. We cannot find that the judge erred in refusing to grant the petit larceny instruction.
¶ 10. THE JUDGMENT OF THE TU-NICA COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED, IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.